William Allen JAMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–84–190 CR.

Court of Appeals of Texas, Beaumont.

Jan. 14, 1987.

Jack McCormick, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Conroe, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted of the offense of sexual assault and the jury assessed his punishment at confinement for a term of ten years. No challenge to the sufficiency of the evidence has been made. By a single ground of error, appellant urges that the trial court committed reversible error in permitting the State to introduce oral statements made by the appellant to a detective, when the State had failed to disclose such statements as required by the pretrial discovery order entered by the trial court.

In our original opinion, No. 09–84–190 CR, dated September 11, 1985 (unpublished), we held that nothing was presented for appellate review, because appellant made no objection to the testimony elicited from Detective Connelly. The Court of Criminal Appeals in an unpublished per curiam opinion, No. 1210–85, dated October 22, 1986, reversed and remanded, holding that appellant had objected to the testimony complained of on appeal.

Appellant was charged with sexually assaulting a young woman on July 7, 1984. Appellant admitted that he had sex with the complainant, but testified that the complainant consented. Appellant did not object to the introduction of a written statement by the appellant in which he stated:

"I had drank [sic] very much Saturday July 7, and I believe that it does affect my attitude from when I'm sober. I admit I do have a drinking problem. When I drink I blackout, I mean I don't remember things. I've been drinking and have been out before and I don't remember the next day. I [have] been drinking and have been out in my car and I'll wake up 50 or 60 miles from home...."

Under cross-examination, appellant denied having made an oral statement to Detective Connelly to the effect that he did not remember what had happened on the night of July 7, 1984. He also denied having stated that he only remembered being near water and seeing a girl there. Appellant denied that when Detective Connelly told him of the complainant's accusation that he responded by saying that "if [I] had done something like that, [I] must have been very drunk."

After a hearing outside of the presence of the jury, the trial court allowed Detective Connelly to testify in rebuttal that the appellant had, in fact, made these oral statements at the time he gave her the written statement already in evidence. Appellant argues that since the State did not comply with the trial court's discovery order, the trial court should not have admitted this testimony. Appellant argues that had he known the State had such evidence, he would not have testified in his own defense.

█ Texas courts have generally declined to find reversible error stemming from noncompliance with discovery orders if the defendant was not denied access to exculpatory or mitigating evidence which would have affected the outcome of the trial in his favor. *See Ouinones v. State,* 592 S.W.2d 933, 941 (Tex.Crim.App.1980). The test for whether the trial court abused its discretion in such matters is not whether the error was harmless, but whether the evidence was material to the defense of the accused. *See Ouinones, supra.* The mere possibility that an undisclosed piece of evidence might have affected the outcome of the trial, or might have helped the defense in some way, does not establish "materiality" in the sense necessary to merit reversal of a conviction. *See, id.*

█ In the present case the evidence which the State failed to produce was not exculpatory by any stretch of the imagination. Furthermore, the oral statements could only be viewed as having the same mitigating effect as the appellant's written statement—that the appellant was intoxicated at the time of the offense. Since the oral statements only reaffirmed the facts appellant had sworn to in his written statement, the oral statements did not destroy any reasonable doubt that otherwise may have existed. *See Quinones, supra,* at 941. Appellant even stated that though he denied telling Connelly he could not remember, "I was acting like I didn't remember." We hold that the oral statements allegedly withheld by the State were not material to the defense. Therefore, the judgment of the trial court is affirmed.

Affirmed.